JOHN ELIHU BODY, trading as J. E. Body and Company, complainant-respondent,

*v.*

THE FIRST NATIONAL BANK OF JERSEY CITY, defendant-appellant.

[Argued February 11th, 1931.   Decided October 19th, 1931.]

*Messrs. Heyman & Heyman* and *Mr. John F. Gough,* for the defendant-appellant.

*Messrs. McDermott, Enright & Carpenter,* for the complainant-respondent.

The opinion of the court was delivered by

DONGES, J.

This is an appeal from a decree of the court of chancery directing the payment of certain moneys in appellant's possession to the respondent.

The bill filed was in aid of an attachment issued by complainant against David Loeb, Philip Loeb and Jacob Loeb, co-partners, doing business as Loeb Brothers, by which approximately $22,108.43 on deposit in the First National Bank of Jersey City in the name of Ellbee Fur Trading Company, Incorporated, was attached as the property of Loeb Brothers.

The bill of complaint, filed August 29th, 1922, alleged that the complainant was a creditor of the three Loebs for a debt contracted in 1920; that on January 13th, 1921, the said debtors, for the purpose of defrauding the complainant, caused to be created, under the laws of the State of New York, a corporation known as Ellbee Fur Trading Company, Incorporated; that all of the stock in said corporation was held by the Loeb brothers; that the moneys in the account of the Ellbee Fur Trading Company, Incorporated, in the First National Bank of Jersey City, the defendant-appellant, were the moneys of Loeb Brothers, and were placed outside of the State of New York for the purpose of hindering, delaying and defrauding creditors, particularly complainant-respondent; and prayed that the moneys so held by the defendant bank be adjudged to be the moneys of Loeb Brothers and subject to the lien of the attachment issued on August 25th, 1922, against such moneys.

Loeb Brothers answered denying that the money was their money; denying that they transferred assets to the Ellbee Fur Trading Company, Incorporated; denying that they were officers or stockholders of the corporation, except Jacob Loeb, who owned one share of stock and was secretary and treasurer thereof; and denying concealment of their assets in the corporation.

The defendant bank answered that it had advanced large sums of money to and guaranteed letters of credit for Ellbee Fur Trading Company, Incorporated, and that the money in its hands was subject to be applied to payment of its debt.

Ellbee Fur Trading Company, Incorporated, answering denied that the moneys on deposit were the moneys of Loeb Brothers; denied that Loeb Brothers caused substantially all of their assets to be transferred to the corporation, and that such assets were concealed in the corporation; and alleged the stock was owned by David Kellman, Lena Yahre, Molly Glyer and Jacob Loeb, the last named owning one share.

The complainant endeavored to establish that the assets of Loeb Brothers were transferred to the corporation and that the corporation was a subterfuge to avoid payment of

their debt to the complainant. The evidence fails to justify such a conclusion. We are not dealing with the rights of Loeb Brothers. The bank in good faith extended credit to the corporation. It had no knowledge of the debt of the complainant or of any improper conduct on the part of Loeb Brothers.

The complainant submitted stenographer's notes of an examination of Jacob Loeb in a proceeding in the State of New York. This testimony indicates that at the time the corporation was created Loeb Brothers were without assets or money and had nothing to turn over to the corporation and, in fact, did not turn anything over to the corporation, all of their assets having theretofore been turned over to a creditor bank in New York. It further appears, and is nowhere contradicted, that the incorporators, relatives of the Loebs, put in new capital and that the business of the corporation was conducted with such new capital. The corporation had been conducting business for a year and a half when the attachment was issued, and from its dealings with the appellant bank it is reasonable to assume that the corporation during its existence had been successful and had accumulated assets and money. By *Exhibit C-6* it appears that the corporation did a business in 1921 of $242,035.24.

It is not established in this case that the Ellbee corporation was endowed with the assets of the debtor partnership, but it appears that the corporation was created to secure capital with which to start business. The fact that one, or even more, of the individuals who were stockholders, or directors and officers of the corporation, had theretofore been engaged in business unsuccessfully is not enough to warrant the conclusion that it was a device to defraud creditors. The proofs show all of the assets of the partners were turned over to a creditor and that they put nothing in the corporation. The moneys of the corporation were the result of its business activities. To support the decree in this case it must appear that the operations of the corporation were a fraud upon the creditor of Loeb Brothers and that the assets of the corporation represented assets of Loeb Brothers. In our view, the

proofs do not support such a finding. The moneys not being those of Loeb Brothers, the attachment has no efficacy against them.

The conclusion reached makes it unnecessary to deal with the other questions raised.

The decree will be reversed, with costs.

*For affirmance*—None.

